UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS KANTOROVICH, individually and as Trustee of the Kantorovich Family Trust,<br><br>           Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>           Defendant. | Civil No. 06-CV-1164-L(LSP)<br><br>**ORDER DENYING MOTION TO DISMISS [doc. #3] and REQUIRING THE FILING OF AN ANSWER TO THE COMPLAINT** |

Defendant's motion to dismiss has been fully briefed. The Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having fully reviewed the papers submitted by the parties and the Complaint in this action, the Court enters the following decision.

**Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6)

when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

**Factual Background**

Plaintiff owned a building that he leased to Skill Centers of America ("SCA"). SCA operated a thrift store in the building. (Complaint, ¶¶ 5, 10 ) Plaintiff, as a condition of the lease, required SCA to maintain insurance on the property. (Complaint, ¶7). Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") issued a commercial property insurance policy to named insured SCA. Although plaintiff is not a named party to the insurance contract, SCA's insurance broker, Alliant Insurance Services, Inc., issued a "Certificate of Liability Insurance" identifying plaintiff as the "certificate holder." (Complaint, ¶8). The Certificate of Liability Insurance notes that "CERTIFICATE HOLDER IS NAMED LOSS PAYEE/ ADDITIONAL INSURED." (Complaint, Exh. 2).

In 2005, the building suffered major damage from the collapse of the ceiling and structural support for the ceiling. Plaintiff made a claim to defendant but defendant refused

coverage to plaintiff.[1]  Plaintiff contends, however, that he "is an insured, an express beneficiary and a loss payee under the Policy" (Complaint, ¶16) and as such, he is entitled to assert the claims for coverage.

## Discussion

Defendant contends that plaintiff cannot establish that he is a party to the insurance contract and as a result, he has no standing to assert claims for breach of contract or breach of the implied covenant of good faith and fair dealing.  The Court disagrees.

Defendant's reliance on *Jones v. Aetna Casualty and Surety Company*, 26 Cal. App. 4th 1717, 33 Cal. Rptr. 291 (1994) is misplaced.  The *Jones* court held that plaintiffs, the lessees, had no standing to sue because they were not contracting parties to the insurance policy nor did they allege they were claimants but instead had asserted standing as implied-in-law coinsureds. In *Jones*, the lease noted the loss would be payable to the lessor who was the named insured and who was required to maintain the rental income insurance coverage in the event of damage from various perils.  The Court held that under the circumstances, there was no intent to benefit the lessees.

Here, on the other hand, the lessee was required to obtain and maintain the insurance policy for the benefit of the lessor with any insurance proceeds to be paid to the lessor. Moreover, the insurer issued a Certificate of Liability Insurance that explicitly states that plaintiff is the loss payee/additional insured.  Accordingly, the allegations in the Complaint, along with the Certificate of Insurance, which supports plaintiff's allegation that he is in fact the loss payee under the policy, are sufficient to withstand a motion to dismiss.

## Conclusion

Based on the foregoing, **IT IS ORDERED** denying defendant's motion to dismiss [doc. #3].

. . .

. . .

---

[1] SCA is not a party to this action.  Under the terms of the lease, any insurance proceeds are to be directed to plaintiff, the lessor.

1  . . .

2  **IT IS FURTHER ORDERED** that defendant shall file an Answer or otherwise respond
3  to the Complaint within 10 days of the filing of this Order.
4  **IT IS SO ORDERED.**

5

6  DATED:  December 1, 2006

7  _____
8  M. James Lorenz
   United States District Court Judge

9  COPY TO:

10 HON. LEO S. PAPAS
   UNITED STATES MAGISTRATE JUDGE
11

12 ALL PARTIES/COUNSEL